IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 1647-02






BILLY EUGENE COLLIER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., delivered the opinion of the Court, in which Keller, P.J.,
Womack, Keasler, and Hervey JJ., joined. Holcomb, J., filed a dissenting opinion, in
which Meyers, Price, and Cochran JJ., joined.


O P I N I O N



 A jury convicted appellant of aggravated assault and, finding the allegations in the single
enhancement paragraph to be true, assessed punishment at 18 years confinement in the Texas Department
of Criminal Justice - institutional division and a fine of $8,000. On appeal, the court of appeals affirmed
the conviction and sentence. Collier v. State, No. 14-00-00609-CR (Tex. App. - Houston [14th Dist.],
delivered August 8, 2002).

 On appeal, appellant claimed that the trial court reversibly erred in, among other things, refusing
to allow three different defense witnesses to testify about threats made against appellant by the complainant. 
We granted review of both of appellant's grounds for review, which allege that the court of appeals: 1)
"utilized the wrong standard of harmless error analysis in assessing the harm resulting from the erroneous
exclusion of Appellant's defensive evidence"; and 2) "erred, under any standard, when it held that the
exclusion of Appellant's defensive evidence was harmless error."

 The testimony at trial revealed that appellant and the complainant's girlfriend had argued. Shortly
thereafter, the complainant confronted appellant. In the course of their discussions during this second
confrontation, appellant shot the complainant in the arm. During his examination of three witnesses,
appellant sought to present testimony from each about threats the complainant purportedly had made
against appellant at the scene of the shooting. In each instance, the trial court sustained the state's hearsay
objection and did not permit appellant to introduce the specific nature of the alleged threat. Outside the
presence of the jury, appellant made a bill of exceptions with the three witnesses, each testifying as to the
specifics of the threats that they said they had heard the complainant make. Those threats involved the
complainant saying that he would shoot and kill appellant and appellant's grandmother.

 The court of appeals correctly held that the trial court had erred in sustaining the state's hearsay
objections to the proffered evidence, then determined that the error was not constitutional and that harm
should therefore be analyzed under Tex. R. App. P. 44.2(b). Collier, supra, slip op. at 8-9. The court
of appeals concluded that the error did not affect a substantial right of appellant and, pursuant to Rule
44.2(b), disregarded the error. Id., slip op. at 9-10. In determining that the error did not affect a substantial
right of appellant, i.e. did not have a substantial and injurious effect or influence in determining the jury's
verdict, the court of appeals pointed out that appellant was allowed to testify extensively about the
complainant's alleged threats against him, and that the three witnesses were permitted to testify that they
had heard the complainant threaten appellant, that both the complainant and a cohort had been standing
with their hands behind their back, and that it was only when the complainant reached down to his side that
appellant raised his hand to shoot. Id.

 The court of appeals relied on Potier v. State, 68 S.W.3d 657 (Tex. Crim. App. 2002), in which
this Court held that "the exclusion of a defendant's evidence will be constitutional error only if the evidence
forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a
defense." Id. at 665. See also, Valle v. State, ___ S.W.3d ___, ___ (Tex. Crim. App. No. 74,137,
delivered July 2, 2003, slip op. at 9)("[I]n order for the exclusion of defensive evidence to rise to the level
of constitutional error[, ] the evidence must form such a vital portion of the case that exclusion effectively
precludes the defendant from presenting a defense.") "Exclusions of evidence are unconstitutional only if
they 'significantly undermine fundamental elements of the accused's defense.'" Potier, supra at 666,
quoting U.S. v. Scheffer, 523 U.S. 303, 315 (1998). In other words, such exclusion is constitutional error
if "the erroneous ruling goes to the heart of the defense." Wiley v. State, 74 S.W.3d 399, 405 (Tex. Crim.
App. 2002).

 Appellant asserts that the court of appeals misinterpreted the hearsay rule and that the exclusion
of the threat testimony infringed so heavily upon his interest in presenting witnesses that it denied his right
to defend himself; in presenting his defense, he needed to show to the jury the reasonableness of his
response to the complainant's actions. Appellant also notes that the only detailed testimony admitted into
evidence about complainant's threats to kill appellant was appellant's own testimony, and that the testimony
of a defendant is often regarded as suspect. Appellant asserts that the three bystander witnesses who,
without apparent bias, would have testified that the complainant made specific threats to kill appellant and
others and to use a firearm, would have provided evidence of specific threats made by the complainant
against him immediately before he fired. Appellant argues that the trial court's exclusion of the testimony
of the three witnesses satisfied the Potier standard, significantly undermined fundamental elements of his
defense, and infringed on his interests so heavily that it denied him his right to defend himself and amounted
to a due process violation.

 In Potier, supra at 662, this Court also pointed out that "the exclusion of relevant, material,
important evidence by the application of particular rules that are arbitrary or disproportionate to their
purposes may offend the Constitution," but that "courts are free to apply evidentiary rules that are not
arbitrary and unjustified." Id.

 The record reflects that appellant's defense was self-defense. The jury charge included instructions
regarding justification in using force and deadly force against another. Appellant personally testified about
the threats which the complainant made towards him prior to the shooting. He specifically indicated that
he was in fear of his life because of what the complainant had told him he was going to do to him, and that
he decided to pull his gun only when he saw the complainant reaching into his pants for his own gun. 
Appellant testified that he saw the complainant get the gun out of his pants, but appellant did not give him
a chance to shoot. Appellant also specifically stated that, before appellant shot him, the complainant had
said that he was going to shoot appellant and appellant's grandmother.

 The record establishes that the exclusion of the complained-of witness testimony did not preclude
appellant from presenting his defense of self-defense. We hold that the erroneous exclusion of the three
witnesses' testimony did not amount to a denial of due process or other constitutional right. The court of
appeals properly applied the non-constitutional standard for review of error. Accordingly, appellant's first
ground for review is overruled.

 In his second ground for review, appellant asserts that the court of appeals erred in holding that the
trial court's error in excluding the testimony of the three witnesses as to the specific content of
complainant's threats was harmless. Pursuant to Tex. R. App. P. 44.2(b), non-constitutional error that does
not affect the substantial rights of the defendant must be disregarded. "A substantial right is affected when
the error had a substantial and injurious effect or influence in determining the jury's verdict." King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997), citing Kotteakos v. U.S., 328 U.S. 750, 776 (1946).

 In Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000), we indicated that, when the
error is the exclusion of relevant admissible evidence, conducting a meaningful harm analysis necessarily
requires consideration of all evidence which was admitted at trial, i.e. the lower court should examine the
record as a whole when conducting a harm analysis. "The fact that a piece of evidence was wrongfully
excluded from the jury's consideration is not sufficient to warrant reversal of a conviction unless the
exclusion had a 'substantial and injurious effect or influence in determining the jury's verdict.'" Id., quoting
King, supra, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We have also stated that "[a] criminal
conviction should not be overturned for non-constitutional error if the appellate court, after examining the
record as [a] whole, has fair assurance that the error did not influence the jury, or had but a slight effect."
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

 The court of appeals discussed the evidence that the three witnesses were permitted to testify to,
as well as appellant's own testimony regarding the threats made against him, and, after examining the record
as a whole, concluded that the exclusion of the evidence in question "did not influence the jury or had only
a slight effect." Collier, supra, slip op. at 9-10. Appellant responds that his own credibility was
impeached with evidence of a prior felony conviction and that the three unimpeached bystander witnesses
would have provided detailed corroboration of the complainant's specific threats to kill appellant and his
grandmother. He asserts that this excluded testimony would have been important to the jury in assessing
the reasonableness of appellant's fear that the complainant was about to use deadly force against appellant.

 We have reviewed the record as a whole, including appellant's testimony about this incident and
the testimony of the three witnesses that was admitted into evidence. All of this testimony presented the
jury with evidence of the complainant's threats prior to the shooting, although not in the detail desired by
appellant. We cannot conclude that the wrongful exclusion of that evidence had a substantial and injurious
effect or influence in determining the jury's verdict, and therefore cannot conclude that the court of appeals
erred in its harm analysis. Accordingly, we overrule appellant's second ground for review.

 We affirm the judgment of the court of appeals.

 Johnson, J.



Delivered: November 5, 2003

En banc

Do not publish